1
2
3
4
5
6                        **UNITED STATES DISTRICT COURT**
7                        **EASTERN DISTRICT OF CALIFORNIA**
8
9  | **CESAR CAMPOS, LATANA M.** | **CASE NO. 1:18-CV-1660 AWI EPG** |
10 | **CHANDAVONG, NENG HER, HUGH** | |
   | **YANG, and NICK VANG,** | |
11 | | **ORDER DISMISSING CLAIMS AND** |
   | **Plaintiffs** | **ORDER FOR ADDITIONAL BRIEFING** |
12 | | |
   | **v.** | |
13 | | |
   | **FRESNO DEPUTY SHERIFF'S** | |
14 | **ASSOCIATION, COUNTY OF FRESNO,** | |
   | **and XAVIER BECERRA in his official** | |
15 | **capacity as Attorney General of California,** | |
   | | |
16 | **Defendants** | |
17
18        This is a dispute between current and former members of the Fresno County Sheriff's
19 Department regarding the collection of union dues by the County of Fresno ("the County") for the
20 benefit of the Fresno Deputy Sheriff's Association ("FDSA").  Plaintiffs seek relief under state
21 law theories and *Janus v. Am. Fed'n of State, Cnty. & Municipal Employees, Council 31*, 138
22 S.Ct. 2448 (2018) ("*Janus*").  The active complaint is the Second Amended Complaint.  On
23 November 12, 2020, the Court granted in part FDSA's Rule 12(b)(1) and Rule 12(b)(6) combined
24 motion to dismiss.  See Doc. No. 74.  The Court dismissed the first and third causes of action
25 (which alleged only federal law claims), declined to address the state law claims, and issued an
26 order to show cause why the federal claims against the County should not be dismissed for the
27 same reasons that dismissal was appropriate as to the FDSA.  See id.  The County and Plaintiffs
28 have now responded.

*Plaintiff's Position*

Plaintiffs agree that the Court's ruling on the first cause of action also applies to the County.  Plaintiffs also agree that the Court's ruling on the third cause of action (which involved vacation hours transferred from employees to the FDSA by the County) for claims based on post-*Janus* conduct also applies to the County.  However, Plaintiffs argue that the Court dismissed the pre-*Janus* claims brought by Plaintiffs Her and Chandavong based on the good faith defense.  Plaintiffs contend that there are no cases that extend the good faith defense to a governmental entity like the County.  Plaintiffs suggest that additional briefing may be appropriate.

*Defendant's Position*

The County contends that Plaintiffs do not identify any cases in which a public employer, acting in compliance with state law and *Abood*, has been held financially liable for fees or hours collected for the use of a union.  The County notes that *Danielsen* did not address the specific issue because the claims pursued against the named government officials were deemed moot.  Further, there are differences between qualified immunity and the good faith defense.  Because the good faith defense is grounded in fairness and equity, the County argues that it should be treated no differently from FDSA for purposes of the defense as the County was merely complying with mandatory state laws.  Finally, even where a right is applied retroactively, a party may not be entitled to a remedy.  Plaintiffs Chandavong and Her received the benefit of the FDSA's use of the collected vacation hours.  The absence of a remedy against the FDSA and the benefit received from the FDSA's use of the vacation hours both counsel against treating the FDSA and the County different regarding monetary damages.

*Discussion*

There is no dispute that the Court's prior rationale for dismissing the first cause of action and the third cause of action's post-*Janus* based claims apply equally to the FDSA and the County.  Therefore, for the reasons articulated in the November 2020 dismissal order, the first cause of action and the post-*Janus* claims within the third cause of action against the County will be dismissed without leave to amend.  See Doc. No. 74

The only dispute is whether a viable claim for pre-*Janus* conduct, that is the County taking

vacation hours for the use of the FDSA from non-FDSA members Her and Chandavong,[1] are subject to dismissal.  After consideration, the Court agrees with Plaintiff that additional briefing is appropriate.  The parties will be ordered to submit simultaneous briefing that addresses whether any cases have extended the good faith defense to a public employer like the County and whether any cases have held a public employer liable through *Janus* for dues or vacation hours taken pre-*Janus* and in conformity with *Abood*.

Additionally, the County's response noted the Seventh Circuit decision in *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 942 F.3d 352 (7th Cir. 2019) ("*Janus II*").  *Janus II* addressed retroactivity and the good faith defense.  *Janus II* decided to assume that *Janus* should be applied to the "full sweep of people identified in [*Harper v. Virginia Dep't of Taxation*, 509 U.S. 86 (1993)] (that is, Mr. Janus himself and all others whose cases were in the pipeline at the time of the [Supreme] Court's decision [in *Janus*])." Janus II, 942 F.3d at 360.  Here, the vacation hour claims of Chandavong and Her were not "in the pipeline" when *Janus* was decided, meaning they were not pending in court at the time *Janus* was decided.  See Janus II, 942 F.3d at 359-60.  *Janus II*'s entire discussion of retroactivity suggests that claims that Chandavong and Her may have for vacation hours taken pre-*Janus* may not rely on *Janus* to show a violation of the Constitution.  Therefore, the parties will be ordered to brief whether *Janus* can be applied retroactively to the claims of Chandavong and Her for vacation hours taken prior to the *Janus* decision.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   The first cause of action in the Second Amended Complaint against the County is DISMISSED without leave to amend;

2.   The third cause of action for all claims based on post-*Janus* conduct (that is, conduct

---

[1] The SAC alleges that Chandavong successfully resigned from the FDSA in December 2016.  The good faith defense bars monetary relief for any vacation hours that were taken from Chandavong prior to the December 2016 resignation. See Danielsen v. Inslee, 945 F.3d 1096, 1104-05 (9th Cir. 2019).  Therefore, in light of Plaintiffs' response to the order to show cause, the only possible claim that Chandavong may have regarding vacation hours transferred to the FDSA would be for vacation hours transferred between December 2016 and July 1, 2018.

1  occurring after July 1, 2018) is DISMISSED without leave to amend;

2  3.   By January 11, 2021, the parties shall submit simultaneous briefing regarding the three

3       issues discussed above (application of the good faith defense to a public entity, cases in

4       which a public entity has been held liable under *Janus* for conduct that was consistent with

5       *Abood*, and whether *Janus* can be applied retroactively to the pre-*Janus* based claims of

6       Chandavong and Her);[2] and

7  4.   By January 25, 2021, the parties shall file simultaneous replies to the supplemental

8       briefing.

9

10 IT IS SO ORDERED.

11 Dated:   December 17, 2020

SENIOR  DISTRICT  JUDGE

---

[2] The parties' supplemental briefing shall contain sections that expressly address each of the three issues expressly and distinctly.  The Court will construe the failure of a party to address any of these specific issues as an abandonment of any potential argument in that party's favor with respect to the omitted issue.